Matthew H. Capron (Bar No. CA 303941)
Capron Law Offices
2220 Otay Lakes Rd Suite 502-92
Chula Vista, CA 91915
Tel: (619) 869-8181
Fax: (619) 638-8181
Email: mcapron@capronlegal.com

Attorneys for Plaintiff Luminence, LLC,

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMINENCE, LLC,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WeSellExpress LLC, a company, and<br><br>Gerard Shi, an individual,<br><br>　　　　Defendant. | CASE NUMBER: **'19CV0764 BEN AGS**<br><br>COMPLAINT, JURY DEMAND |

## COMPLAINT AND JURY DEMAND

Plaintiff, Luminence, LLC ("Plaintiff"), by its undersigned attorneys, CAPRON LAW OFFICES, for its Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and 1202, and 815 I.L.C.S. § 510 *et seq*. Plaintiff seeks compensatory and/or statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is a limited liability company registered in California with a principal place of business at 5580 La Jolla Boulevard #37, La Jolla, California 92037.

3. Upon information and belief, WeSellExpress LLC is a company duly organized and existing under the laws of Virginia with a principal place of business at 1407 CAMPBELL COURT, LEESBURG VA 20176; Gerard Shi is an individual with a principal place of residence at 1407 CAMPBELL COURT, LEESBURG VA 20176.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this District with systematic and continuous contacts within this state, and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.  Plaintiff's Business

7. Plaintiff creates and sells fun and unique fiber optic light-up accessories including, but not limited to, its Glowbys® brand hair attachments.

8. Plaintiff sells its products through its website, www.luminence.com.

9. In support of its business, Plaintiff created artistic and expressive photographic images of Glowbys products displayed on a model.

10. On February 26, 2013, Plaintiff obtained a registration with the United States Copyright Office, Registration Number VA 1-897-465, for the photographic work entitled Girl Wearing Glowbys 1. Plaintiff subsequently obtained registrations with the United States Copyright Office for the photographic works entitled: Girl with Pigtails Wearing Glowbys, Registration Number VA 2-030-354; Girl Wearing Purple

Glowbys, US Registration Number VA 2-058-360; Girl Wearing Multicolor Glowbys, US Registration Number VA 2-033-238; and Girl Wearing Green Gem Glowbys, US Registration Number VA 2-086-428.

11. The registered photographic works are collectively referred to as the "Copyrighted Works". Plaintiff's Copyrighted Works are viewable and downloadable at www.luminence.com/Photos.html.

12. Viewable and downloadable at www.luminence.com/CopyrightCert.html are copies of United States Copyright Registration Numbers of the Copyrighted Works.

13. Plaintiff has never licensed, authorized, or otherwise permitted the Defendant to reproduce, distribute, display or otherwise use the Copyrighted Works.

B.   Defendant's Unlawful Activities

14. Defendant markets and sells various retail products including fiber optic light up hair clips on its' eBay online store gerardshi01 and its' Amazon online store iamnicest. Defendant directly competes with Plaintiff by selling competing Flash Braid brand fiber optic light-up hair accessories ("Competing Product"). The packaging of the Competing Product makes unauthorized use of one of the Copyrighted Works (VA 1-897-465).

15. On November 29, 2017, Plaintiff recorded Plaintiff's eBay listing 122824367940 showing the Copyrighted Works and the Competing Product.

16. On December 13, Plaintiff ordered a fiber optic light up hair clip product from Defendant's Amazon listing B077VWXJ6H. The listing showed images of the Copyrighted Works and the Competing Product. Based on that on-line order and purchase, Defendant shipped its hair clip product to Plaintiff's investigator. Defendant's hair clip product was the Competing Product.

17. On December 20, 2017, Plaintiff wrote to Defendant via eBay message to inform it of Plaintiff's registration of the Copyrighted Works and of the infringing packaging of the Competing Product. Plaintiff requested that Defendant immediately

remove the Copyrighted Works and stop selling the Competing Product in the infringing packaging.

18. On December 21, 2017 Defendant responded to Plaintiff's eBay message, indicating "the images have been removed". However, none of the Copyrighted Works were removed from the listing. The Plaintiff's Amazon listing continued to be available for sale, as well as show the Copyrighted Works and the Competing Product.

19. On February 8, 2018, Plaintiff again ordered a fiber optic light up hair clip product from Defendant's Amazon listing B0778WHVGV, which showed the Copyrighted Works. Based on that on-line order and purchase, Defendant shipped its hair clip product to Plaintiff's investigator. Defendant's hair clip product was the Competing Product.

20. On February 11, 2018, Plaintiff recorded Defendant's eBay listing 122853255774 showing the Copyrighted Works and selling the Competing Product.

21. Although no longer available for sale, the Copyrighted Works continue to be visible on the Plaintiff's Amazon listings until the current day.

22. Despite notice and demand, Defendant willfully and intentionally continued to infringe on Plaintiff's exclusive copyright in the Copyrighted Works.

23. Defendant has not denied that its packaging displayed infringing copies of the Copyrighted Work, and Defendant has not asserted any valid justification or basis to believe it had a right to reproduce, distribute or display the Copyrighted Works.

<u>**FIRST CLAIM FOR RELIEF**</u><br><u>**DIRECT COPYRIGHT INFRINGEMENT**</u><br><u>**(17 U.S.C. § 101 *et seq*.)**</u>

24. Plaintiff realleges paragraphs 1 through 23 above and incorporates them by reference as if fully set forth herein.

25. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, and is entitled to the full protection of the United States

copyright laws. Plaintiff owns all exclusive rights to reproduce, distribute, display, and make derivative works of, the Copyrighted Work.

26. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant and/or the supplier of packaging materials used by the Defendant, had access to the Copyrighted Work prior to the creation, distribution and display of Defendant's infringing packaging.

27. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying its infringing reproduction or derivative variation of the Copyrighted Work as part of the packaging for its fiber optic light up hair clip product.

28. Defendant's infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, despite actual notice and demand to cease its infringement, has been willful and deliberate, and Defendant has profited at the expense of Plaintiff as a result of its infringing conduct.

29. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his actual damages from Defendant's misappropriation of the Copyrighted Work without paying a license fee, and the disgorgement of Defendant's profits related to its infringement of the Copyrighted Work, which amounts will be proven at trial.

30. Alternatively, at Plaintiff's election, Plaintiff is entitled to an award of statutory damages under 17 U.S.C. §§ 504(c) in an amount to be determined after trial, up to a maximum of $150,000, based on Defendant's willful infringement of the Copyrighted Work.

31. Defendant's conduct has caused, and any continued infringing conduct will further cause, irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment as follows:

1. Judgment in favor of the Plaintiff finding that Defendant has infringed Plaintiff's exclusive copyrights in the Copyrighted Work under the Copyright Act;

2. Judgment in favor of the Plaintiff finding that Defendant's infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the determined after trial, or, in the alternative and at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c), up to a maximum of $150,000;

4. An award to the Plaintiff of its costs incurred in this action, including its reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award to the Plaintiff of interest, including pre-judgment interest, on the foregoing sums;

6. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant:

    (a) from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

    (b) destroying all copies, whether electronic or physical, of the Plaintiff's Copyrighted Work.

7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: April 25, 2018

Respectfully submitted,
CAPRON LAW OFFICES

By: s/Matthew Capron
MATTHEW CAPRON

Attorneys for Luminence, LLC
email: mcapron@capronlegal.com